Christ, J.
This is an application for an order of publication in a proposed proceeding to dissolve the petitioner’s marriage pursuant to section 7-a of the Domestic Relations Law. The application is rejected without prejudice to renewal upon proper supporting papers. The court notes that this is the second petition presented in this matter, the first having been rejected. In the earlier petition.it was alleged .that the respondent “ left ” the petitioner. But at a later point in that petition there .were other allegations from which one could well infer that the respondent and the petitioner were traveling aboard a train which was bombed, that as a result of such explosion they became separate^ and have never been reunited. In the present petition, there is no reference whatever to any facts indicating that the respondent was never seen by the petitioner following the bombing of a train. The petition discloses that, as of the time of the respondent’s alleged disappearance, the couple had been married nearly eight years and had a son almost two years of. age. It does not appear whether the respondent took the infant child with her at the time of her alleged disappearance. Nor is any residential history of the couple given covering their eight years of marriage other than to allege that the marriage took place in Kaunas,.Lithuania in 1936 and that they last resided together as husband and wife at Plunge, Lithuania. The residence of the husband and wife in this type of proceeding is of vital importance. Normally, this is so because it provides the basis for the court’s determining what publication will be best cal *52 culated to come to the attention of relatives or friends of the missing spouse (Matter of Schulz, 187 Misc. 919). It it also important to know where the couple have resided during their married life in order to evaluate the diligence used in trying to locate the missing person. The petition now rejected, like its predecessor, lacks sufficient facts to explain the petitioner’s efforts to locate his missing wife. As stated in Matter of Baham, (109 N.Y.S. 2d 106): “ In the petition are set forth only conclusions with respect to the alleged diligence of the search. ” This failure to set forth facts as distinguished from conclusions concerning petitioner’s search for his wife coupled with the failure in this second petition to mention anything about the bombing of the train referred to in the first petition prevents the court from granting the petitioner’s application.